# In the United States Court of Federal Claims

No. 22-1740
Filed: April 10, 2023

|  |  |
|---|---|
| AARON WEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

      On November 21, 2022, plaintiff, Aaron West, proceeding *pro se*, filed a complaint with this Court alleging, *inter alia*, discrimination from the Internal Revenue Service ("IRS") under the American with Disabilities Act ("ADA") and requesting his refund from 2021. *See* Complaint at 1, ECF No. 1. On February 28, 2023, defendant filed a Motion to Dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). *See* Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 22 [hereinafter Def.'s MTD]. On March 29, 2023, plaintiff filed his Response to defendant's Motion to Dismiss. *See* Plaintiff's Response to Defendant's Motion to Dismiss, ECF No. 36; *see also* March 29, 2023 Order, ECF No. 30.

      On February 8, 2023, the Court scheduled a status conference for March 15, 2023. *See* February 8, 2023 Order, ECF No. 18. On March 15, 2023, plaintiff informed the Court that he would be unavailable for that status conference. On March 21, 2023, the Court rescheduled this status conference to April 6, 2023. *See* March 21, 2023 Order, ECF No. 28. On March 21, 2023, plaintiff informed the Court that he would be unavailable for the latest scheduled status conference. On March 28, 2023, plaintiff informed the Court that he would be available on April 14, 2023, for a status conference. On March 29, 2023, the Court scheduled a telephonic status conference for April 14, 2023. *See* March 29, 2023 Order, ECF No. 29. On April 5, 2023, plaintiff informed the Court that he would be unavailable for the latest scheduled status conference. On April 7, 2023, defendant objected to rescheduling this status conference because plaintiff "failed to provide good cause as to why he cannot attend." *See* Defendant's Objection to Plaintiff's Request for a Continuance at 3, ECF. No 37. On April 7, 2023, the Court cancelled the latest scheduled status conference. *See* April 7, 2023 Order, ECF No. 38. To date, plaintiff has failed to comply with the Court's February 8, 2023 Order; March 21, 2023 Order; and March 29, 2023 Order. Thus, plaintiff's Complaint is dismissed without prejudice for failure to prosecute under RCFC 41(b).

Further, this Court lacks subject-matter jurisdiction under RCFC 12(b)(1). Defendant argues that this Court lacks jurisdiction because there is no "live issue" for this Court to resolve, and the United States has not waived sovereign immunity for claims under the ADA. *See* Def.'s MTD at 3–9. Defendant argues that plaintiff received the "full benefit of his claimed overpayments" for 2021—an overpayment of $1,838.00 which was credited to IRS liabilities or non-IRS debts. *Id*. at 4. As such, defendant argues that there "are no remaining funds or credits in Mr. West's 2021 account." *Id*.[1]

When considering a motion to dismiss for lack of subject-matter jurisdiction, the Court will treat factual allegations in the complaint as true and will construe those allegations in the light most favorable to the plaintiff. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). Plaintiff has the burden of demonstrating that this Court has jurisdiction over his claims. *See Reynolds v. Army & Air Force Exchange Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). While *pro se* plaintiffs are given "leeway on procedural matters, such as pleading requirements," *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007), this leniency does not lessen plaintiff's jurisdictional burden. *See Ibrahim v. United States*, 799 Fed. Appx. 865, 867 (Fed. Cir. 2020) (citing *Kelley v. Sec'y, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

Plaintiff has not demonstrated that there is a "live issue" for this Court to resolve. The record demonstrates that plaintiff's 2021 overpayment was credited to IRS liabilities or debts. *See generally* Def.'s MTD, Exhibit 1 [hereinafter Ex.]; *see also* 26 U.S.C. § 6402 (authorizing the Internal Revenue Service to offset overpayments against a legally enforceable debt to a Federal agency or state income tax obligation). Specifically, plaintiff's overpayment of $1,838.00 was subject to a treasury offset to another agency ($1,400.00) and a credit to tax liabilities from 2020 ($438.00). *See* Def.'s MTD at 4; *see also* Def.'s MTD, Ex. 1 at 3. Thus, the issues presented are no longer "live" and there is nothing left for this Court to resolve. Finally, to the extent that plaintiff brings forth a claim for discrimination under the ADA, this Court lacks subject-matter jurisdiction because the ADA does not apply to the federal government. *Pierce v. United States*, 117 Fed. Cl. 798, 801 (2014) (citing *Allen v. United States*, 546 F.App'x. 949, 951 (Fed. Cir. 2013)). Therefore, this Court does not have subject-matter jurisdiction over plaintiff's Complaint under RCFC 12(b)(1).

Accordingly, plaintiff's Complaint is **DISMISSED**, *sua sponte*, pursuant to RCFC 41(b). Additionally, defendant's Motion to Dismiss is hereby **GRANTED**. The Clerk of Court is hereby directed to take the necessary steps to dismiss this matter.

---

[1]  Plaintiff's Complaint specifically takes issue with his 2021 tax refund. *See* Plaintiff's Complaint at 3, ECF No. 1. While not necessary to dismiss plaintiff's Complaint, the Court notes that the government addresses plaintiff's 2018–2021 tax years in its Motion to Dismiss—which indicate that (1) there was either no tax return or claim for refund filed; or (2) plaintiff's overpayments were refunded or applied to IRS liabilities or non-IRS debts. *See* Defendant's Motion to Dismiss at 3–9, ECF No. 22.

**IT IS SO ORDERED.**

*Loren A. Smith*
Loren A. Smith,
Senior Judge